IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARCUS LANTON | § | |
| VS. | § | CIVIL ACTION NO. 5:15cv49 |
| SCOTT YOUNG | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Marcus Lanton, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by the respondent be granted.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The Court must therefore conduct a *de novo* review of the objections in light of the record and the applicable law.

Petitioner was previously convicted of state and federal offenses. He seeks credit towards his federal sentence for an approximately 14 month period. The period began before his federal sentence was imposed and expired after the federal sentence was imposed. The Magistrate Judge, relying on 18 U.S.C. § 3585, concluded petitioner was not entitled to have this period credited towards his federal sentence because he had received credit towards his state sentence for the same period of time. She also concluded petitioner was not in the primary custody of the United States during this period of time.

In his objections, petitioner initially asserts he should receive credit towards his federal sentence for the 14 month period because he was in the physical custody of the United States Marshals Service during this time. As the Magistrate Judge pointed out, petitioner was in the

custody of the Marshals Service for the entire 14 month period of time. However, petitioner was only in the custody of the Marshals Service during this period of time because he had been borrowed from state authorities pursuant to writs of habeas corpus *ad prosequendum* issued by the federal court. As a result, petitioner remained in the primary custody of the State of Tennessee, even though he was in the physical custody of the Marshals Service. *Washington v. Chandler*, 533 F.3d 460, 461 (5th Cir. 2013) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980)). The fact that he was in the physical custody of the Marshals Service during the 14 month period of time therefore does not entitle him to credit towards his federal sentence for this period of time.

Petitioner also contests the conclusion that he received credit towards his state sentence for the 14 month period of time. Approximately three months into the 14 month period, petitioner's release on probation with respect to a state conviction was revoked and he was sentenced to 24 months of imprisonment. Documents submitted by the parties indicate petitioner began receiving credit towards his state sentence on January 7, 2013, one month before the disputed 14 month period began. The same documents indicate the State of Tennessee determined petitioner's state sentence expired on August 15, 2014, approximately four months after the 14 month period ended.

Based on the information contained in the immediately preceding paragraph, petitioner does not agree that he received credit towards his state sentence for the entire 14 month period. He asserts that under the method Tennessee uses to determine how a state sentence is calculated, a Tennessee inmate only has to serve six months in prison to receive credit for 14 months and that, as a result, he would have served his entire state sentence before the date on which the 14 month period ended.

Petitioner has submitted no evidence in support of his assertion that a Tennessee inmate can discharge a 14 month sentence by serving 6 months in prison. The respondent has submitted a communication from an employee of the Tennessee Department of Corrections stating petitioner received credit toward his state sentence for the period beginning on January 7, 2013, and ending on August 15, 2014. As the disputed 14 month period began on February 7, 2013, and ended on April 22, 2014, the Magistrate Judge correctly determined petitioner received credit towards his state

sentence for the disputed period of time. He is therefore not entitled to have this period of time also credited towards his federal sentence because in enacting 18 U.S.C. 3585(b), Congress made it clear that an inmate is not entitled to "double credit" for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. The respondent's motion to dismiss is **GRANTED**. A final judgment shall be entered dismissing the petition.

**SIGNED this 25th day of August, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE